UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA  2017 MAR -2 AM 9:58
FORT MYERS DIVISION

| | |
|---|---|
| ROBERT TIROLLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SCOTT, as the duly elected Sheriff of Lee County, Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:17-cv-126-FtM-99MRM<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **ROBERT TIROLLO** ("TIROLLO" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for retaliation.

## PARTIES

2. The Plaintiff, **ROBERT TIROLLO** ("TIROLLO") is an individual and a resident of Florida who currently resides in Lee County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, **TIROLLO** has been employed by the Defendant, the duly elected Sheriff of Lee County, Florida as a deputy. **TIROLLO** performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **TIROLLO** was

1

an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **MICHAEL SCOTT** ("**SHERIFF**" or "**DEFENDANT**"), the duly elected Sheriff of Lee County, Florida, is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). The Defendant has the sole authority to hire, fire and discipline all sworn (law enforcement) personnel ("personnel"), he supervises and controls all personnel's work schedule and conditions of employment, he determines the rate and method of payment for all personnel and he maintains employment records of all personnel, none of whom are members of his personal staff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **TIROLLO** brings this action against the Defendant for legal relief to redress unlawful violations of his rights under the FLSA to remedy unlawful retaliation inflicted upon him by the Defendant, which has deprived **TIROLLO** of his employment.

7. **TIROLLO** began working for the Defendant on September 7, 1999 as a deputy.

8. **TIROLLO** was an hourly, non-exempt employee paid at an hourly rate.

9. However, the Defendant required **TIROLLO** to work overtime hours each week, but failed to compensate **TIROLLO** for such hours worked at all, let alone at time and a half as required by the FLSA.

10. Defendant's practices were, and were believed by **TIROLLO** to be, in direct violation of the FLSA.

11. Throughout his employment and particularly in the weeks leading to his termination, **TIROLLO** vehemently objected to not being paid proper overtime wages.

12. This also included **TIROLLO**'s attempts to place his true time worked on the time sheets he was required to submit to the Defendant, but which the Defendant rejected.

13. The Defendant then would alter **TIROLLO**'s time sheet or refuse to accept it unless the claimed overtime was removed.

14. Within days of **TIROLLO** objecting to the Defendant refusing to pay him overtime wages, on September 17, 2015, the Defendant placed **TIROLLO** under an IA Investigation and began investigating him for alleged events that pre-dated his complaints of unpaid overtime.

15. The Defendant placed **TIROLLO** under investigation for allegedly being insubordinate after he objected to the Defendant's failure to pay him overtime wages.

16. **TIROLLO** was never insubordinate at all, but rather sought enforcement of his rights secured to her under the FLSA.

17. Regardless, shortly thereafter, the Defendant recommended that **TIROLLO** be terminated.

18. However, the Defendant decided to terminate **TIROLLO** as a direct result of **TIROLLO** demanding proper payment of wages in accordance with the FLSA.

19. Faced with impending termination, and in order to avoid having a termination on his employment record, **TIROLLO** instead submitted his resignation on October 27, 2015.

20. The Defendant accepted his resignation.

21. But for his demand for payment of proper wages, the Defendant would not have terminated **TIROLLO**, which termination is in violation of the FLSA.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")- RETALIATION

22. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

23. The Defendant retaliated against **TIROLLO** in direct response to **TIROLLO** seeking enforcement and correction of the Defendant's refusal to pay proper wages in accordance with the FLSA.

24. By **TIROLLO** seeking enforcement and correction the Defendant's conduct that was in violation of the FLSA, **TIROLLO** engaged in protected activity under 29 U.S.C. § 215(a).

25. **TIROLLO** was terminated from his employment with the Defendant as a result of having engaged in protected activity under the FLSA, to wit: seeking proper payment under the FLSA.

26. **TIROLLO** subsequently suffered an adverse employment action- his termination- that was causally and directly related to him having complained and objected to the Defendant about the Defendant's illegal wage practices.

27. But for **TIROLLO**'s demand for proper wages, the Defendant would not have made the decision to terminate him.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 1, 2017

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com